Mr. Felix A. Johnston, Jr. Attorney for the Town of St. Marks 1030 East Lafayette Street Suite 112 Tallahassee, Florida 32301
Dear Mr. Johnston:
This is in response to your request for an opinion on the following questions:
 1. WHAT PROCEDURES MUST BE FOLLOWED TO ESTABLISH COMPENSATION FOR THE TOWN COMMISSIONERS?
 2. WHAT PROCEDURES MUST BE FOLLOWED TO ESTABLISH A FILING FEE FOR ELECTIVE OFFICES?
Section 109 of the Charter of the Town of St. Marks, Ch. 63-1872, Laws of Florida, provides in pertinent part:
 The town commissioners, as such, shall serve without compensation. . . .
 QUESTION ONE
My research has not revealed any amendments to s 109 of the Town Charter of the Town of St. Marks. If s 109 of Ch. 63-1872 were deemed to constitute a limitation of power on the town by virtue of s 166.021(4) (see the last sentence of that subsection) it would have been nullified and repealed as of the effective date of that subsection, which was October 1, 1973. Since the compensation of town commissioners does not fall within one of the enumerated subjects of s 166.021(4) (see the third sentence of s 166.021[4]), it has been converted to a town ordinance pursuant to the provisions of s 166.021(5), F.S.
Moreover, I am not aware of any constitutional, general law or special law prohibition on the enactment of a municipal ordinance on the subject of compensation of town commissioners of the Town of St. Marks. Compare, s 5(c), Art. II, State Const. (relating to the compensation of state and county officers) and see, AGO 73-276 (concluding that, following enactment of the Municipal Home Rule Powers Act, a city may by ordinance establish the compensation of the mayor and city councilmen). Therefore, I must conclude that your Town Commission may, pursuant to the Municipal Home Rule Powers Act, determine and fix the compensation of the town commissioners by ordinance.
QUESTION TWO
My review of Ch. 63-1872 indicates that your town charter does not address and is silent on the issue of filing fees required for candidates for the office of town commissioner. See, s 4 of this charter (providing for election at large of town commissioners). An examination of the charter does not reveal any express provision relating to filing fees or to this aspect of the manner of election of commissioners. See, s 112 (relating to the manner of elections, but which fails specify a filing fee).
Although s 166.021(4) provides that changes in a charter which affect, inter alia, the manner of election of elected officers must be approved by referendum of the voters as provided in s166.031, I have found no such provision in Ch. 63-1872, as amended, and therefore, I must conclude that s 166.021(4) does not apply. Thus, under the Municipal Home Rule Powers Act, the town commissioners may establish by ordinance procedures for nomination, filing fees, and other matters relating to placing the names of candidates on the ballot at municipal elections. Compare, AGO 75-172 (concluding that a city commission could not, in the absence of an approving referendum, amend a provision of the city charter relating to nomination and election to municipal office by adding a provision which required a filing fee).
Additionally, I am aware of no general law which regulates filing fees of candidates for municipal office which might preempt municipal legislation on this subject.
In summary, the Town Commission of the Town of St. Marks has authority, pursuant to the Municipal Home Rule Powers Act, to enact ordinances:
(1) fixing the compensation of town commissioners,
 (2) establishing procedures for nomination, filing fees, and other matters relating to placing the names of candidates on the ballot at municipal elections.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General